ROBT. P. HYAMS COAL COMPANY, LTD., v. WEBSTER AND GLOBE INDEMNITY CO. OF NEW YORK

---

(January 17, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Builders and Buildings—Par. 30.**

Where, in a suit by a material man against a contractor, proof of delivery of the materials depends upon the testimony of the contractor, alone, it will be deemed sufficient to hold the surety in the absence of countervailing testimony.

Appeal from First City Court, Section "C". Hon. Wm. V. Seeber, Judge.

Action by Robt. P. Hyams Coal Company, Ltd., against George W. Webster and Globe Indemnity Company of New York.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Jno. C. Foster, of New Orleans, attorney for plaintiff, appellee.

Eugene D. Saunders, G. B. Harrison, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit by a material man against a building contractor and his surety. There was judgment as prayed for and the defendant, surety, alone appealed.

The contract and bond are admitted and the sole defense consists in the contention that the material is not shown to have been delivered to and used in the building, the contract for the erection of which was guaranteed by the surety.

Only two witnesses testified, both on plaintiff's behalf, the secretary of plaintiff's company and the contractor. Defendant offered no evidence. We are convinced, as was the trial court, that the record proves the material of plaintiff went into the building covered by defendant's bond.

It is true that this proof rests on the evidence of the contractor alone, and also that defendant surety company is more or less at the mercy of a contractor, as suggested by defendant's counsel, under such circumstances. There is no suggestion of fraud, and if an honest mistake has been

made we know of no way in which a surety can avoid the consequences.

The lower court allowed $178.00, the face of plaintiffs' claim, plus a penalty of 10 per cent as attorney's fees under Act 225 of 1918, because of the failure of defendant to pay plaintiff's claim within thirty days after written demand. We do not believe this is a proper case to impose this penalty and, therefore, for the reasons assigned, the judgment appealed from will be amended in this respect and otherwise affirmed.